UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENDALL FIELDS | CIVIL ACTION |
| VERSUS | NO. 24-1619 |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion for leave to file amended witness and exhibit lists filed by plaintiff Kendall Fields.[1] Defendants Progressive Northern Insurance Company, Handlos Enterprises, LLC, and Michael Perkins (collectively, "Defendants") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion only insofar as Fields is permitted to substitute Dr. Najeeb Thomas as a fact witness in place of Dr. Donald Dietze.

### I.   BACKGROUND

This case arises out of a car accident involving vehicles driven by Fields and Perkins. Fields filed suit against Defendants to recover for injuries allegedly sustained to his wrist, back, neck, and shoulder.[3] Fields's expert-disclosure deadline was January 21, 2025, and both parties' deadline to file their witness and exhibit lists was February 19, 2025.[4] Fields has not submitted any expert disclosure,[5] but included Dietze, a neurosurgeon, on his witness list, which indicated that Dietze may provide "[e]xpert [m]edical [o]pinion."[6] However, Fields never saw Dietze.

---

[1] R. Doc. 23.
[2] R. Doc. 24.
[3] R. Doc. 1-1 at 2.
[4] R. Doc. 13 at 3.
[5] R. Doc. 24 at 3 ("Plaintiff has yet to produce any expert disclosures whatsoever in this matter.").
[6] R. Doc. 15 at 2.

Instead, he sought treatment from a different neurosurgeon, Thomas, and now moves for leave to amend his witness list to substitute Thomas in place of Dietze.[7]

## II. PENDING MOTION

Fields argues that his motion to "simply swap out one neurosurgeon for another, including the medical records and bills of the new neurosurgeon,"[8] is necessary because he was unable to obtain an appointment with the originally listed doctor and the testimony of a neurosurgeon would be "important for a jury to hear."[9] He further argues that this proposed amendment would not prejudice Defendants as it "does not change the type or scope of expert testimony originally disclosed," but that "a continuance is available as a cure to any prejudice" that might result from the requested amendment.[10] In their opposition, Defendants argue that Fields should not be permitted to call Thomas as an expert witness because he failed to file any expert disclosure complying with Federal Rule of Civil Procedure 26(a)(2)(B) or (C) by his January 21, 2025 deadline.[11] They further argue that Fields "has been treating for nearly two years and has had ample time to see whatever doctors he desires," and "should not be rewarded for waiting until the absolute last minute to obtain a neurosurgeon's opinion."[12] Defendants assert that this amendment would prejudice them as they relied on Fields's failure to provide any expert disclosure in choosing not to retain their own physician as an expert.[13] Defendants then argue that the purported "importance of the testimony" Thomas would provide does not "override[]" Fields's failure to submit a timely expert disclosure.[14] Defendants finally contend that "Thomas should not even be

---

[7] R. Doc. 23 at 2.
[8] R. Doc. 23-1 at 1.
[9] *Id.* at 3.
[10] *Id.* at 3-4 (quotes at 4).
[11] R. Doc. 24 at 4-5.
[12] *Id.* at 5.
[13] *Id.*
[14] *Id.* at 6.

considered a treating physician,"[15] because Fields has not received "any known treatment" from him, and retained him "solely [to opine] as to causation and what future medical treatment [Fields] may require."[16]

## III.   LAW & ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony.  An expert that is retained by a party for purposes of litigation is required to provide an expert report pursuant to Rule 26(a)(2)(B).  Prior to 2010, non-retained experts, such as treating physicians, were exempt from Rule 26's expert reporting requirements.  *See Tucker v. United States*, 2019 WL 4198254, at *2 (E.D. La. Sept. 4, 2019).  In 2010, Rule 26(a)(2)(C) was added, which provides a modified disclosure requirement applicable to non-retained experts, such as treating physicians.  *Id.*  Rule 26(a)(2)(C) requires that a party, with respect to a non-retained expert, provide a written disclosure, in lieu of a report, stating: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

A Rule 26(a)(2)(C) disclosure "need not be extensive," but must include "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion."  *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (quotation omitted; emphasis in original).  Although "the rule does not require overly comprehensive disclosure … it does require disclosure in at least *some* form" in order "to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts, if necessary."  *Id.* (emphasis in original); *see also Collett v. Weyerhaeuser Co.*, 512 F. Supp. 3d 665, 672 (E.D. La. 2021) ("In lieu of a report, the treating physician's records, summaries of the

---

[15] *Id.* at 7-8 (quote at 7).
[16] *Id.* at 8.

treatment, or a letter or summary report is produced containing information sufficient to allow opposing counsel to understand the scope of the expected testimony and supplement the information with a pretrial deposition.").

In this case, Fields contends that his proposed amendment "does not change the type or scope of *expert* testimony originally disclosed."[17] However, he did not provide any expert disclosure in the first instance. It is not sufficient that Defendants "have been on notice since February 19, 2025 that Plaintiff intended to present expert neurosurgical testimony," as Fields suggests,[18] because his deadline to provide expert disclosures, including those of a treating physician, was January 21, 2025,[19] nearly a month before he filed his witness list naming Dietze on February 19.[20] Because Fields failed to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify," Fed. R. Civ. P. 26(a)(2)(C), what Fields's motion really seeks is not to "substitute one qualified neurosurgeon for another,"[21] but an extension of his January 21 expert-disclosure deadline by nearly three months, without offering any reason for his failure to comply with that deadline.

Rule 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Further, this Court's scheduling order states that "[t]he Court will not permit any

---

[17] R. Doc. 23-1 at 4 (emphasis added).
[18] *Id.* at 3.
[19] R. Doc. 13 at 3 ("Plaintiff's expert disclosures shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than January 21, 2025. This deadline applies to all experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B) *and (C)*, who may be witnesses for Plaintiff." (emphasis added)).
[20] Fields filed his witness list on February 19, 2025, naming Dietze as a potential witness. The list does not identify Dietze as a neurosurgeon and only indicates that he might provide "[e]xpert [m]edical [o]pinion." R. Doc. 15 at 2.
[21] R. Doc. 23-1 at 3.

witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[22]  The Fifth Circuit has outlined a four-factor standard to determine whether the failure to meet Rule 26 disclosure requirements was substantially justified or is harmless. *Williams v. Louisiana*, 2015 WL 5438596, at *5 (M.D. La. Sept. 11, 2015) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)).  "To avoid abusing their discretion, courts must: (1) examine the importance of the witness's testimony; (2) consider the prejudice, if any, to the opposing party of allowing the witness to testify; (3) decide whether there is a possibility of curing such prejudice by granting a continuance; and (4) consider the explanation, if any, for the party's failure to comply with the discovery requirements." *Id.* (citing *Sierra Club*, 73 F.3d at 572).  Fields does not acknowledge, much less explain, his failure to submit any expert disclosure.  Therefore, the Court finds that Fields's failure to comply with Rule 26's disclosure requirements was not substantially justified or harmless.

Nonetheless, the Court will permit Fields to substitute Thomas in place of Dietze on the witness list, but because Dietze would only have been permitted to testify as a fact witness due to Fields's failure to comply with Rule 26(a)(2)(C), Thomas may only testify as a fact witness (including testimony about his treatment and diagnosis of a plaintiff), but not as an expert.  And because neither Thomas nor Dietze submitted an expert report complying with Rule 26(a)(2)(B), Thomas is prohibited from testifying as to either causation or Fields's "potential future treatment options,"[23] because "testimony as to causation or as to future medical treatment has been considered the province of expert testimony subject to the requirements of section (a)(2)(B)." *Hooks v. Nationwide Housing Sys., LLC*, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016).

---

[22] R. Doc. 13 at 3.
[23] R. Doc. 23-1 at 1.

5

Accordingly, for the foregoing reasons,

IT IS ORDERED that Fields's motion to for leave to file amended witness and exhibit lists (R. Doc. 23) is GRANTED only to the extent that Fields may substitute Thomas for Dietze as a fact witness, but Thomas may not testify as an expert witness.

IT IS FURTHER ORDERED that Fields's amended witness and exhibit list (R. Doc. 23-4) be entered into the record of the captioned matter.

New Orleans, Louisiana, this 1st day of May, 2025.

                                                      BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE